O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HENDRICKS, JR., and ROBERTA HENDRICKS, <br><br>  Plaintiffs, <br><br>   v. <br><br> ARMSTRONG INTERNATIONAL, INC., et al., <br><br>  Defendants. | Case No. CV 14-09360 DDP (MANx) <br><br> **ORDER GRANTING MOTION TO REMAND** <br><br> [Dkt. No. 22.] |

    Presently before the Court is Plaintiffs' Motion for Remand. Having heard oral arguments and considered the parties' submissions, the Court adopts the following order.

**I.   BACKGROUND**

    Plaintiff James Hendricks suffers from mesothelioma, a type of cancer associated with asbestos exposure. (Decl. Sean Worley, Ex. A (Dkt. No. 22-3)(State Complaint), ¶ 16.)  Defendants are all either manufacturers of asbestos products or owners of premises where such products were stored, handled, or installed. (Id. at ¶ 10.)

///

Plaintiff James Hendricks, Jr. and his father were both employed by State Defendant SoCal Edison ("Edison"). (Decl. Marc Brainich, Ex. D at 9:18-19; Worley Decl., Ex. E.) In the state court proceedings, Edison argued that state workers' compensation law prevented a claim based on any contact with asbestos fibers both during his own time of employment. (Decl. Marc Brainich, Ex. D at 9-10.) Plaintiffs also alleged liability based on exposure to fibers that were carried home on his father's clothes from Edison's power plant when Mr. Hendricks, Jr. was a child. (Worley Decl., Ex. E.) The state court granted summary judgment to Edison, focusing primarily on the latter ("secondary") exposure theory. (Decl. Marc Brainich, Ex. E.)

Once Edison was no longer a party, Defendant General Electric ("GE") removed the case to the federal district court, alleging that diversity existed because Edison was a sham defendant, fraudulently joined to the state action. (Notice of Removal, ¶ 15.) Plaintiffs now bring this motion for remand, arguing that Edison was not a sham defendant and that Plaintiffs brought a legitimate claim against Edison, even if it was unsuccessful in the state court. (Mot. Remand.) Plaintiffs also argues that removal was improper because GE failed to obtain the consent of two other Defendants, Crown Cork and Soco-West. (Mem. P. & A. ISO Mot Remand at 9.)

**II. Legal Standard**

A defendant may remove a case from state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a); see also Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977). As the removing party, Defendant

bears the burden of proving federal jurisdiction. <u>Duncan v. Stuetzle</u>, 76 F.3d 1480, 1485 (9th Cir. 1996); see also <u>Matheson v. Progressive Specialty Ins. Co.</u>, 319 F.3d 1089, 1090 (9th Cir. 2003). The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (explaining that courts resolve doubts as to removability in favor of remand). The "core principle of federal removal jurisdiction on the basis of diversity" is that "it is determined (and must exist) as of the time the complaint is filed and removal is effected." <u>Strotek Corp. v. Air Transp. Ass'n. of Am.</u>, 300 F.3d 1129, 1131 (9th Cir. 2002).

**III. DISCUSSION**

**A.  Alleged Fraudulent Joinder of Edison**

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is *obvious according to the settled rules of the state*, the joinder of the resident defendant is fraudulent." <u>McCabe v. Gen. Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987). To find fraudulent joinder, it must be clear at the time the complaint is filed that "the individuals joined in the action cannot be liable on any theory." <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313, 1318 (9th Cir. 1998).

In this case, the state court granted summary judgment to Edison because it was obliged to follow <u>Campbell v. Ford Motor Co.</u>, 206 Cal. App. 4th 15 (2012). <u>Campbell</u> held, in a similar situation, that Ford's legal duty could not extend to the family members of contractors working at its plants. <u>Id.</u> at 31-32. This

3

holding appears to have been largely based on policy considerations. The Court reasoned that the limit on duty was necessary to prevent "otherwise potentially infinite liability" and stated that "the consequences of a negligent act must [sometimes] be limited to avoid an intolerable burden on society," even where the risk was foreseeable. Id.

Plaintiff argued in state court that Campbell should be limited to the case of contractors and not applied to family members of actual employees. The superior court, however, felt itself bound by another case, Haver v. BNSF Ry. Co., decided on the same day that Plaintiffs filed their original complaint. 226 Cal. App. 4th 1104 (June 3, 2014), review granted and opinion superseded sub nom. Haver v. BNSF R. Co., 331 P.3d 179 (Cal. Aug. 20, 2014). In Haver, the plaintiff made precisely the same argument – that Campbell should be construed narrowly to apply only to contractors, and not to employees. Id. The court of appeals rejected that argument because the Campbell opinion used the term "workers" rather than "contractors," and because in a footnote the Campbell court said that its analysis did not "turn on" the distinction between employee and contractor. Id. Citing Haver, the superior court rejected Plaintiffs' attempt to distinguish between employees and contractors.

The superior court's duty, of course, was to decide a motion for summary judgment given the law available to it at the time. This Court, on the other hand, must decide a more limited and more difficult question: whether it was "obvious" under *settled* California law, at the time the state complaint was filed, that there could be no liability on Edison's part.

4

As to the interpretation of Campbell that Plaintiffs proffered, although it was ultimately unsuccessful in the state court proceedings, the Court does not find that it was obvious under settled state law that Plaintiffs could not succeed. The term "workers" in the Campbell opinion is not so unambiguous that it admits of no distinctions between employees and contractors. Moreover, the central thrust of Campbell is that in premises liability cases there is a wide world of potentially foreseeable plaintiffs, expanding ever-outward in circles of ever more attenuated responsibility, and that for public policy reasons a line must be drawn somewhere as to actual liability. The full text of the footnote cited by the Haver court and the superior court in this case makes plain that the more layers of hiring and employment stand between the defendant and the plaintiff, the weaker the argument for legal duty becomes:

> Although our analysis does not turn on this distinction, we note that in this case, *the relationship between Ford's conduct and the injury Honer suffered is even more attenuated* inasmuch as Ford hired a general contractor to perform the work, that general contractor hired a subcontractor, that subcontractor hired another subcontractor, and that subcontractor employed Honer's father and brother.

Campbell, 206 Cal. App. 4th at 31, n.6 (emphasis added). A reasonable court could well have concluded that if the question were squarely presented, the Campbell court would have held that a family member with a less attenuated relationship to Ford could state a claim for premises liability. Thus, Plaintiffs' argument was a reasonable one, even if ultimately unsuccessful.

5

Nor can it be said that Haver had definitively answered the question at the time the complaint was filed. Haver was decided on June 3, 2014 – the very same day that Plaintiffs' state court complaint was filed. The Court declines to attempt to determine at what hour each was filed – suffice it to say that Plaintiffs cannot possibly have been on notice as to the content of the Haver opinion being handed down, perhaps, at the very moment they were filing their complaint.[1]

Additionally, even if California law *had* been settled and obvious at the time the complaint was filed, it was arguably a good deal less settled at the time of removal. On August 20, 2014, the California Supreme Court granted review as to two cases dealing with employer liability for secondary exposure to asbestos: Haver and a case called Kesner v. Superior Court, 226 Cal. App. 4th 251, review granted and opinion superseded sub nom. Kesner v. S.C. (Pneumo Abex LLC), 331 P.3d 179 (Cal. 2014). The state of the law on this issue is thus still in flux, and was so on December 8, 2014, when the Notice of Removal was filed.[2]

The Court finds that GE has not demonstrated that the law was so obvious and settled at the time the complaint was filed and at

---

[1] "A defendant is not a fraudulently joined or sham defendant simply because the facts and law may further develop in a way that" ultimately precludes a claim. Padilla v. AT & T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)

[2] That the law is not yet firmly settled is unsurprising – Campbell is a very recent case (2012) and appears to have been the first one to deal with the question directly. Oddone v. Superior Court, 179 Cal. App. 4th 813, 820 (2009) (noting that "[t]here appears to be no reported California decision" regarding duty as to secondary exposure, and resolving the case on other grounds).

the time removal was effected that the joinder of Edison in the complaint was fraudulent.

**B.   GE Did Not Seek Joinder of Other Defendants In Removing to Federal Court**

Removal is also in doubt, according to Plaintiffs, because GE did not seek the joinder of Defendants Soco-West and Crown Cork in removing to federal court. (Mem. P. & A. ISO Mot. Remand at 9.) GE argues that permission was not necessary, because Plaintiffs have abandoned their claims against these Defendants and the Defendants, in turn, are not active in the litigation. (Opp'n at 5-7.)

"Although the usual rule is that all defendants in an action in a state court must join in a petition for removal, the 'rule of unanimity' does not apply to nominal, unknown or fraudulently joined parties[.]" United Computer Sys., Inc. v. AT & T Corp., 298 F.3d 756, 762 (9th Cir. 2002). A "named defendant is a nominal party is if his role in the law suit is that of a depositary or stakeholder . . . ." Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am., 427 F.2d 325, 327 (5th Cir. 1970) (cited by the Ninth Circuit in Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)).

GE does not argue that either Soco-West or Crown Cork was a "depositary or stakeholder," nor that either Defendant was unknown or fraudulent. Instead, citing no direct authority for the proposition, GE argues that it is not required to seek joinder as to defendants who are not participating in the litigation, or against whom Plaintiffs have "abandoned" their claims. GE does

cite to a Ninth Circuit case from 1942, <u>Southern Pac. Co. v. Haight</u>, which states that "if a plaintiff voluntarily abandons the joint character of his proceedings," it may change "the structure of the controversy *as confines the inquiry to the citizenship of the parties*." 126 F.2d 900, 904 (9th Cir. 1942) (emphasis added). <u>See also</u> <u>Preaseau v. Prudential Ins. Co. of Am.</u>, 591 F.2d 74, 76 (9th Cir. 1979) (discussing <u>Haight</u> in the context of destruction of diversity); <u>Lemos v. Fencl</u>, 828 F.2d 616, 619 (9th Cir. 1987) (same). GE does not point to any application of <u>Haight</u> as to the rule of unanimity. Moreover, the "abandonment" in <u>Haight</u> was a formal abandonment in court – the plaintiff there stated to the court that it chose to proceed against the non-diverse defendant without the fictitious "Does" who, it had been alleged, provided diversity. <u>Id.</u> at 902. Thus, <u>Haight</u> does not necessarily compel a particular result where a Plaintiff has simply failed to vigorously prosecute its case against a known defendant. And it cannot possibly be read to mean that the rule of unanimity does not apply where a *defendant* fails to adequately defend.

Even assuming GE's theory of the law is correct, however, the Court does not find that there are facts sufficient to support GE's contentions. GE argues, first, that Plaintiffs never served Soco-West. (Opp'n at 17-18.) However, Plaintiffs provide a proof of service filed with the state court on August 6, 2014 – five months prior to removal. (Second Decl. Sean Worley, Ex. D (Dkt. No. 30-5).) GE further argues that Soco-West is not an active party in this case because Plaintiffs and Soco-West have not pursued discovery against one another. (Opp'n at 18.) GE may be correct that Soco-West is not participating in the litigation, and it is,

8

perhaps, a close call whether Plaintiff has acted in a way that evidences an intent to abandon to the litigation against Soco-West. To the degree that this is a close call, however, the Court notes that doubt must be resolved against removal, <u>Gaus</u>, 980 F.2d at 566.

In any event, things seem much clearer as to Crown Cork. Crown Cork has filed an answer in the case and propounded discovery, (Brainich Decl., Exs. L-N), and as recently as November 19, 2014, Plaintiffs were responding to some, if not all, of Crown Cork's discovery requests. (<u>Id.</u>, Ex. O.) Even under GE's theory of the law, the Court cannot conclude, on this record, that Plaintiffs have evidenced such a clear intent to abandon their claims against Crown Cork that unanimous joinder is not required.

**IV. CONCLUSION**

Because joinder of SoCal Edison was not fraudulent, and because GE has not sought unanimous joinder of all remaining Defendants in its removal, the Motion to Remand is GRANTED.

IT IS SO ORDERED.

Dated: February 10, 2015

DEAN D. PREGERSON
United States District Judge

9